**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Reena Arora
Sally J. Abrahamson (*pro hac vice forthcoming*)
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000

**MAKE THE ROAD NEW YORK, INC.**
Julia Dietz
301 Grove Street
Brooklyn, NY 11237
(718) 418-7690 ext. 1232

**CV 13 - 0991**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

OVIDIO LOPEZ MORALES and MATEO
LARES MICHOCOJ, individually and on behalf
of all others similarly situated,

　　　　　　Plaintiffs,

　　v.

CLEAN TOUCH CAR WASH and JOSEPH
BROWN, M. J.
SCANNI

　　　　　　Defendants.

FEUERSTEIN, J.

**CLASS ACTION COMPLAINT**

**Demand for Trial by Jury**

Plaintiffs Ovidio Lopez Morales and Mateo Lares Michocoj ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, by their attorneys Outten & Golden LLP and Make The Road New York, Inc., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.　　　Plaintiffs and their co-workers are car wash workers at Clean Touch Car Wash on Hylan Boulevard in Staten Island, New York, who work long days cleaning the interiors and exteriors of customers' vehicles, applying cleaning products and protective chemicals, drying the vehicles, and performing other related manual labor.

2.      Plaintiffs bring this lawsuit against Clean Touch Car Wash and Joseph Scanni ("Scanni") (collectively the "Defendants") in order to enforce their rights and the rights of their co-workers under federal and state labor laws.

3.      Notwithstanding Plaintiffs' long hours under difficult working conditions, Defendants violated federal and state labor laws by paying them less than the minimum wage.

4.      Defendants also took a portion of the hard-earned tips that customers intended for Plaintiffs and their co-workers, and gave them to other employees, including a manager.

5.      Defendants also took unfair advantage of Plaintiffs and their co-workers by requiring them to report to work but sending them home after an hour or two when the car wash was not busy without paying them four hours of call-in pay, as required under New York law.

6.      Defendants also failed to pay Plaintiffs and their co-workers legally-required spread of hours pay when they worked more than ten hours in a day.

7.      Defendants also violated New York's Wage Theft Prevention Act by failing to provide Plaintiffs and their co-workers with legally-required notices of their pay rates, regular and overtime hours, and other information in English and the primary languages of Plaintiffs and their co-workers.

8.      Defendants also failed to post required notices detailing Plaintiffs' and their co-workers' rights as required by the federal and state law.

9.      Plaintiff Lopez brings this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the FLSA's collective action provision of 29 U.S.C. § 216(b).

10.     Plaintiffs also bring this case as a class action under Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of New York Labor Law ("NYLL") Article 6 §§

- 2 -

190 *et seq.* and Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

11.     The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

12.     In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same common nucleus of operative fact as the federal claim.

13.     Plaintiffs' state law claims are so closely related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because all of the acts of which give rise to Plaintiffs' claims occurred in Staten Island, New York, in this District.

## PARTIES

### Plaintiffs

15.     Ovidio Lopez Morales ("Lopez") is an adult individual who currently resides in Staten Island, New York.

16.     Lopez was employed by Defendants from approximately April 2000, through approximately April 2012, at Clean Touch Car Wash.

17.     Lopez has filed a written consent to join this action, attached hereto as Exhibit A.

18.     Lopez is a covered employee within the meaning of the FLSA and NYLL.

19.     Mateo Lares Michocoj ("Lares") is an adult individual who currently resides in Staten Island, New York.

20.     Lares was employed by Defendants from approximately 2005, through approximately 2009, at Clean Touch Car Wash.

21.     Lares is a covered employee within the meaning of the NYLL.

**Defendants**

22.     Clean Touch Car Wash is an active business located at 2093 Hylan Boulevard, Staten Island, New York.

23.     Upon information and belief, Clean Touch Car Wash has engaged and continues to engage in interstate commerce within the meaning of the FLSA at all times relevant herein, in that it: (i) has had and continues to have an annual gross volume of sales of not less than $500,000 at all times relevant to this action; and (ii) has had and continues to have employees working with and/or selling goods and materials that have been shipped into this state from other states.

24.     Upon information and belief, Scanni is an adult individual currently residing in this District.

25.     At all times relevant to this action, Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d), NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff Lopez brings the First and Second Causes of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who are non-exempt persons employed by Defendants at Clean Touch Car Wash as car wash workers (workers whose primary duties were to clean and dry customers' cars), on or after the date that is three years before the filing of the Class Action Complaint in this case, who elect to opt-in to this action (the

"FLSA Collective").

27.     At all relevant times, Plaintiff Lopez and the other FLSA Collective Plaintiffs have had substantially similar job requirements and pay provisions, and are or have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, one and one half times this rate for work in excess of forty (40) hours per workweek, and misappropriating the tips of the employees.  The claims of Plaintiff Lopez stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

28.     Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## RULE 23 CLASS ALLEGATIONS

29. Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), on behalf of a class defined as "all non-exempt persons employed by Defendants at Clean Touch Car Wash as car wash workers (workers whose primary duties were to clean and dry customers' cars) at any time between six years before the filing of this Class Action Complaint through the date of judgment in this case (the "Class Period") (the "Rule 23 Class").  Members of the Class are referred to herein as "Rule 23 Class Members."

30.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assignees, and successors, or any individual who has, or what at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge's/Judges' immediate family; and all

persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

31.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

32.    Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

33.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions affecting only individual class members, including:

a) whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

b) whether Defendants failed to properly compensate Plaintiffs and Rule 23 Class members for hours worked in excess of 40 hours per workweek;

c) whether Defendants illegally misappropriated portions of Plaintiffs' tips and the tips of the Rule 23 Class;

d) whether Defendants failed to properly compensate Plaintiffs and Rule 23 Class members when their start and end of their workday spanned more than ten hours;

e) whether Defendants failed to properly compensate Plaintiffs and Rule 23 Class members when they were sent home from work before working four hours;

f) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and Rule 23 Class members, and other records required by the NYLL;

g) whether it was Defendants' policy or practice to fail to furnish Plaintiffs and Rule 23 Class Members with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

h) whether it was Defendants' policy or practice to fail to furnish Plaintiffs and Class members with a wage notice at their time of hire and at the beginning of each year stating their rate of pay and other information as required by the NYLL;

i) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

j) the nature and extent of class-wide injury and the measure of damages for those injuries.

34.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 Class in separate actions.  All the Rule 23 Class Members were subject to the same practices of Defendants, as alleged herein, of failing to pay minimum wage, spread of hours, call-in pay, and overtime compensation; misappropriating tips; and failing to provide wage notices or wage statements.  Defendants' policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Rule 23 Class Members sustained similar losses, injuries and damages in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and procedures.

35.     Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class and have no interests antagonistic to the Rule 23 Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the class.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the class.  Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiff and the Rule 23 Class Members.

36.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Plaintiffs and Rule 23 Class Members have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL.  The amount of damages suffered by each of the individual members of the Rule 23 Class are not *de minimus*, but are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously and efficiently.  Class litigation is also superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent and/or varying judgments, establishing incompatible standards of conduct for Defendants.

37.     This action is properly maintainable as a class action under Rule 23(b)(3).

## FACTUAL ALLEGATIONS

38.     As car wash workers, Plaintiffs, members of the FLSA Collective, and Rule 23 Class Members (collectively "Class Members") were responsible for performing comprehensive cleaning services of customers' vehicles.  Their job duties included vacuuming, cleaning the interiors and exteriors of customers' vehicles, applying cleaning products and protective chemicals, drying the vehicles, and performing other related manual labor.

39.     Defendants paid Plaintiffs and Class Members an hourly wage.

40.     Defendants paid Plaintiffs and Class Members an hourly rate below the federal and state minimum wage.

41.     Plaintiffs and Class Members also earned tips from customers.

42.     Plaintiffs and Class Members were never advised or informed that Defendants were taking a tip credit against Defendants' obligations under the FLSA or the NYLL to pay the minimum wage or any promised hourly wage.

43.     Defendants took tips that customers intended to go to Plaintiffs and Class Members and shared them with employees not eligible for tips, and for whom customers did not intend them for, including a manager who had the power to hire and fire, Ramiro Vasquez, and cashiers.

44.     Plaintiffs and Class Members were regularly scheduled by Defendants to work more than 40 hours per week.

45.     Throughout Plaintiffs' and Class Members' employment, Defendants failed to pay Plaintiffs proper overtime compensation for the hours that Plaintiffs worked in excess of forty hours each week, as required by 29 U.S.C. § 207, NYLL §§ 650 *et seq.*, and 12 N.Y.C.R.R. § 142-2.2.

46.     During their employment with Defendants, Plaintiffs and Class Members regularly performed work in excess of 10 hours a day.

47.     Defendants failed to pay Plaintiffs and Class Members an extra hour at the applicable New York State minimum wage for each day their workday exceeded ten hours, as required by NYLL §§ 650 *et seq.*; 12 N.Y.C.R.R. §§ 142-2.4, 142-2.18.

48.     On various occasions, Plaintiffs and Class Members reported to work and were sent home by Defendants after fewer than four hours when the car wash was not busy. On those occasions, Defendants only paid Plaintiffs and Class members for the hours they worked and failed to pay them four hours minimum call-in pay as required by 12 N.Y.C.R.R. § 142-2.3.

49.     Defendants failed to provide Plaintiffs and Class Members with a wage notice in English and Plaintiffs' primary language (for Plaintiffs, Spanish) at the time of hiring and on or before the first of February of each subsequent year of the employees' employment containing

- 9 -

information outlined in NYLL § 195(1), including information such as the rate of pay and any allowances claimed as part of the minimum wage.

50.     Defendants failed to provide Plaintiffs and Class Members with wage statements containing information required by NYLL § 195(3), including information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

51.     All of the violations of federal and state law described above were intentional and willful. Defendants knew or should have known that the practices described above were unlawful. Defendants failed to make a good faith effort to comply with federal and state wage laws.

52.     Defendants failed to post the appropriate notices required by the NYLL detailing employees' rights as required by the FLSA and NYLL.

53.     At all relevant times, Scanni maintained and continues to maintain overall day-to-day operational control of Clean Touch Car Wash.

54.     Scanni acted directly and indirectly in the interest of Clean Touch Car Wash as it relates to the Plaintiffs and Class Members.

55.     At all relevant times, Clean Touch Car Wash managers reported to Scanni.

56.     At all relevant times, Scanni had the power and/or general authority to hire and fire Plaintiffs and Class Members.

57.     Scanni exercised this power when he fired Lares.

58.     At all relevant times, Scanni had the power to determine Plaintiffs' and Class Members' working conditions and to otherwise supervise their work.

59.     At all relevant times, Defendant Scanni had the power and/or general authority to set Plaintiffs' and Class Members' rates of pay and to determine the methods of payment.

60.     At all relevant times, Defendant Scanni had overall responsibility for maintaining employment records for Clean Touch Car Wash, to the extent Clean Touch Car Wash maintained such records.

## FIRST CAUSE OF ACTION
### FLSA – Federal Minimum Wage Violations
### (Brought by Plaintiff Lopez on behalf of himself and the FLSA Collective Plaintiffs)

61.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

62.     At all relevant times, each Defendant has been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, each Defendant has employed "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

63.     Pursuant to 29 U.S.C. §206(a)(1) of the FLSA, 29 U.S.C. § 206(a)(1), Defendants were required to pay Plaintiff Lopez and Class Members a minimum wage at a rate not less than $7.25 per hour for work performed on or after July 24, 2009.

64.     Defendants were not eligible to avail themselves of the tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. §§ 531.50 *et seq.*, because Defendants did not provide notice to the Plaintiffs and Class Members and because Defendants took Plaintiffs' and Class Members' tips and shared them with individuals who were ineligible to receive tips in violation of the FLSA, 29 U.S.C. § 203(m).

- 11 -

65.     Defendants knowingly failed to pay Plaintiff Lopez and the members of the FLSA Collective the applicable federally mandated minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

66.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

67.     As a result of the foregoing, Plaintiff Lopez and other similarly situated current and former employees have been deprived of compensation at the minimum wage in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### FLSA – Federal Overtime Compensation Violations
### (Brought by Plaintiff Lopez on behalf of himself and the FLSA Collective Plaintiffs)

68.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

69.     Pursuant to 29 U.SC. § 207(a)(1), Defendants were required to pay Plaintiff Lopez and other similarly situated current and former employees overtime compensation at not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

70.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff Lopez and other similarly situated current and former employees the appropriate overtime compensation for each hour worked in excess of 40 hours in a workweek as required by 29 U.S.C. § 207(a)(1).

71.     As a result of Defendants' unlawful acts, Plaintiff Lopez and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts,  an additional equal

amount as liquidated damages, reasonable attorneys' fees, costs, and other compensation
pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
#### NYLL Article 19 – Minimum Wage Violations
#### (Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)

72.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

73.    Defendants knowingly paid the Plaintiffs and Rule 23 Class Members less than
the New York State minimum wage and thereby violated NYLL § 652.

74.    The minimum wage provisions of Article 19 of the NYLL and the supporting
New York State Department of Labor regulations apply to Defendants and protect the Plaintiffs
and Rule 23 Class Members.

75.    Pursuant to NYLL § 652, Defendants were required to pay Plaintiffs and Rule 23
Class Members a minimum wage at a rate not less than (a) $7.15 per hour on and after January 1,
2007; and (b) $7.25 per hour for all hours worked from July 24, 2009 through the present.

76.    Defendants' violations of Plaintiffs' rights under NYLL § 652 were willful.
Defendants have failed to make a good faith effort to comply with NYLL § 652 with respect to
the compensation of the Plaintiffs and Rule 23 Class Members.

77.    Due to Defendants' violations of the NYLL, Plaintiffs and Rule 23 Class
Members are entitled to recover from Defendants their unpaid wages, liquidated damages,
reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
#### NYLL Article 19 – Overtime Compensation Violations
#### (Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)

78.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

79.    Defendants have failed to pay Plaintiffs and Rule 23 Class Members overtime

wages to which they are entitled under the NYLL Article 19§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

80.     Defendants failed to pay Plaintiffs and Rule 23 Class Members overtime at a wage rate of one and one-half times their regular rate of pay.

81.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and Rule 23 Class Members.

82.     Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

83.     Due to Defendants' NYLL violations, Plaintiffs and Rule 23 Class Members are entitled to recover from Defendants unpaid overtime, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**NYLL – Spread of Hours Pay Violations**
**(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)**

84.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

85.     Defendants have willfully failed to pay Plaintiffs and Rule 23 Class Members additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

86.     By Defendants' failure to pay Plaintiffs and Rule 23 Class Members spread-of-hours pay, Defendants have willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

87.     Due to Defendants' violations of the NYLL, Plaintiffs and Rule 23 Class Members are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

- 14 -

## SIXTH CAUSE OF ACTION
### NYLL – Failure to Pay Call-In Pay
**(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)**

88.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

89.     Defendants failed to pay Plaintiffs and Rule 23 Class Members for at least four hours on days when they reported to work and worked less than four hours, in violation of NYLL §§ 190, *et seq.*, §§ 650, *et seq.* and New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142-2.3.

90.     For each shift in which a Plaintiff or a member of the Rule 23 Class reported for work at the request of the employer, but was sent home before working at least four hours, he is entitled to at least four hours of pay at the basic minimum wage rate, less wages received for hours actually worked during that shift, pursuant to NYLL §§ 190, *et seq.*, §§ 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142-2.3.

91.     Due to Defendants' violations of the NYLL, Plaintiffs and Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### NYLL – Tip Misappropriation
**(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)**

92.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

93.     Plaintiffs and Rule 23 Class Members regularly received gratuities from Defendants' customers.

94.     Defendants' customers intended that these gratuities go to Plaintiffs and Rule 23 Class Members.

- 15 -

95. Defendants did not allow Plaintiffs and Rule 23 Class Members to keep the tips they earned.

96. Defendants required Plaintiffs and Rule 23 Class Members to share a portion of their tips with a managers and cashiers.

97. Managers and cashiers are employees who are not regularly or customarily eligible to receive customer gratuities.

98. Defendants' misappropriation of Plaintiffs' and Rule 23 Class Members' gratuities was in violation of NYLL § 196-d.

99. Plaintiffs and Rule 23 Class Members are entitled to an award of the amount of gratuities misappropriated by Defendants, plus an additional amount as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**EIGHTH CAUSE OF ACTION**
**NYLL- Notice and record-keeping requirements**
**(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)**

100. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

101. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and Rule 23 Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq.*, and supporting regulations.

102. Defendants failed to provide Plaintiff Lopez and Rule 23 Class Members with a wage notice in English and the employees' primary language (for Plaintiffs, Spanish) at the time of hiring, and on or before the first of February of each subsequent year of the employee's employment, containing information outlined in NYLL § 195(1), including information such as the employee's rate of pay and any allowances claimed as part of the minimum wage.

103.    Defendants failed to provide Plaintiff Lopez and Rule 23 Class Members with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including information such as the dates worked, number of regular and overtime hours worked, and rate of pay.

104.    As a result of Defendants' violations of NYLL § 195(1) and (3), Plaintiff Lopez and Rule 23 Class Members are each entitled to recover damages of fifty dollars for each workweek Defendants failed to provide the employee with a wage notice, and damages of one hundred dollars for each workweek Defendants failed to provide the employee with a wage statement, not to exceed a total of twenty-five hundred dollars for each violation, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Certification of this case as a class action pursuant to Rule 23;

C.      Designation of Plaintiffs as class representatives of the Rule 23 Class, and counsel of record as class counsel;

D.      Unpaid minimum wages and overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA;

E.     Unpaid minimum wages and overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL;

F.     Unpaid spread of hours pay due and an additional and equal amount as liquidated damages pursuant to the NYLL;

G.     Unpaid call-in pay due and an additional and equal amount as liquidated damages pursuant to the NYLL;

H.     Misappropriated gratuities and an additional and equal amount as liquidated damages pursuant to the NYLL;

I.     Fifty dollars for each workweek that Defendants failed to provide a Wage Notice in violation of NYLL § 195(1), or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

J.     One hundred dollars for each workweek that Defendants failed to provide a wage statement in violation of NYLL § 195(3), or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-b;

K.     Appropriate equitable and injunctive relief to remedy violations, including but not limited to, an order enjoining Defendants from continuing their unlawful practices;

L.     Pre-judgment interest and post-judgment interest as provided by law;

M.     Reasonable attorneys' fees, costs, and expenses; and

N.     Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       February 25, 2013

Respectfully submitted,

Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Reena Arora
Sally J. Abrahamson (*pro hac vice forthcoming*)
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000

**MAKE THE ROAD NEW YORK, INC.**
Julia Dietz
301 Grove Street,
Brooklyn, NY 11237
(718) 418-7690 ext. 1232

*Attorneys for Plaintiff and the Putative Class*

# Exhibit A

## FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys, Outten & Golden, LLP and Make The Road New York to represent me before any court or agency on these claims.

### CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me deben bajo la Ley de Normas Laborales Justas. Por este medio autorizo que mis abogados, Outten & Golden, LLP y Se Hace Camino New York me representen ante cualquier corte o agencia tocante estos reclamos.

*Ovidio Lopez Morales*
Name (nombre)

*Ovidio Lopz M.*
Signature (firma)

*1/22/13*
Date (fecha)