UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OVIDIO LOPEZ MORALES and MATEO LARES MICHOCOJ, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

CLEAN TOUCH CAR WASH and JOSEPH SCANNI,

                Defendants.

Index No. CV13-0991

ANSWER

      Defendants Clean Touch Car Wash ("Clean Touch") and Joseph Scanni ("Scanni"), by their attorneys, answer the Complaint as follows:

      1.     Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Clean Touch is located on Hylan Boulevard in Staten Island, is in the business of cleaning automobiles and selling auto-related goods, and that its employees engage in personal services in furtherance of that business.

      2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to assert claims under various laws.

      3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

      4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint.

      5.     Defendants deny the allegations contained in Paragraph 5 of the Complaint.

      6.     Defendants deny the allegations contained in Paragraph 6 of the Complaint.

      7.     Defendants deny that they are liable for any alleged failure to provide notice under the statute cited, because Clean Touch made complete and timely payment of all wages due to its employees.

-2-

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiffs purport to seek to bring this action on behalf of themselves and other Clean Touch employees under the statute cited. Further answering, Defendants deny that class or collective treatment is appropriate.

10. Defendants admit that Plaintiffs purport to seek to bring this action on behalf of themselves and other Clean Touch employees under the statute cited. Further answering, Defendants deny that class or collective treatment is appropriate.

11. Paragraph 11 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.

12. Paragraph 12 of the Complaint set forth a legal conclusion to which no responsive pleading is required.

13. Paragraph 13 of the Complaint set forth a legal conclusion to which no responsive pleading is required.

14. The allegations contained in Paragraph 14 of the Complaint concerning the appropriate venue for this action set forth a legal conclusion to which no responsive pleading is required. Defendants deny the remaining allegations contained in Paragraph 14.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, except admit upon information and belief that Plaintiff Lopez is beyond the age of majority.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint, except admit that Plaintiff Lopez was employed by Clean Touch at various times during the applicable statutory limitations periods.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, except admit upon information and belief that Plaintiff Lares is beyond the age of majority.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit that Plaintiff Lopez was employed by Clean Touch at various times during the applicable statutory limitations periods.

21. Paragraph 21 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit that Plaintiff Lopez purports to bring this action on behalf of himself and others under the laws cited therein.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint, except admit that Plaintiff Lopez purports to bring this action on behalf of himself and others. Further answering, Defendants deny that collective or class treatment is appropriate.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit that Plaintiffs purport to bring this action on behalf of himself and others under the laws cited therein. Further answering, Defendants deny that collective or class treatment is appropriate.

30. Defendants deny that collective or class treatment is appropriate, and deny all allegations contained in Paragraph 30 of the Complaint, except admit that Plaintiffs purport to define individuals who would be excluded from the proposed Rule 23 class.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in the first sentence of Paragraph 32 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiffs "understand" or "recognize," and as to the truth of the allegations concerning Plaintiffs' counsel.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

NEWYORK/#318512.2/45797.00.0001

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint, except admit that Clean Touch's employees were responsible for, among other things, the provision of auto cleaning services, waxing and compounding services, and related customer service.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint (except deny that class or collective treatment is appropriate).

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that Plaintiffs and other employees were paid a sub-minimum hourly wage, which, when augmented with the allowable "tip credit," constituted the lawful minimum wage and minimum overtime wage due.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint (except deny that class or collective treatment is appropriate).

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny that they are liable for any alleged failure to provide notice under the statute cited, because Clean Touch made complete and timely payment of all wages due to its employees.

50. Defendants deny that they are liable for any alleged failure to provide notice under the statute cited, because Clean Touch made complete and timely payment of all wages due to its employees.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint (except deny that class or collective treatment is appropriate).

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants admit the allegations contained in Paragraph 56 of the Complaint (except deny that class or collective treatment is appropriate).

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants admit the allegations contained in Paragraph 58 of the Complaint (except deny that class or collective treatment is appropriate).

59. Defendants admit the allegations contained in Paragraph 59 of the Complaint (except deny that class or collective treatment is appropriate).

60. Defendants admit the allegations contained in Paragraph 60 of the Complaint (except deny that class or collective treatment is appropriate).

61. Defendants reassert their responses to Paragraphs 1-60 as though fully set forth herein.

62. Paragraph 62 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants reassert their responses to Paragraphs 1-67 as though fully set forth herein.

69. Defendants admit the allegations set forth in Paragraph 69 of the Complaint. Further answering, Defendants state that Clean Touch car wash employees' regular and overtime rates of pay were established through application of the tip credit applicable to them.

70. Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants reassert their responses to Paragraphs 1-71 as though fully set forth herein.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants reassert their responses to Paragraphs 1-77 as though fully set forth herein.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

NEWYORK/#318512.2/45797.00.0001

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants reassert their responses to Paragraphs 1-83 as though fully set forth herein.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants reassert their responses to Paragraphs 1-87 as though fully set forth herein.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Paragraph 90 sets forth legal conclusions to which no responsive pleading is required.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants reassert their responses to Paragraphs 1-91 as though fully set forth herein.

93. Defendants admit the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

NEWYORK/#318512.2/45797.00.0001

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants reassert their responses to Paragraphs 1-99 as though fully set forth herein.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny that they are liable for any alleged failure to provide notice under the statute cited, because Clean Touch made complete and timely payment of all wages due to its employees.

103. Defendants deny that they are liable for any alleged failure to provide notice under the statute cited, because Clean Touch made complete and timely payment of all wages due to its employees.

104. Defendants deny that they are liable for any alleged failure to provide notice under the statute cited, because Clean Touch made complete and timely payment of all wages due to its employees.

105. Defendants deny the Prayer for Relief, including that class or collective treatment is appropriate.

## **DEFENSES**

1. The Complaint and each claim fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims and the claims of any and all putative collective action and class members are barred in whole or in part by the applicable statute of limitations.

3. Plaintiffs and putative collective and class members have been paid and/or received all wages due to them by virtue of their employment.

4. Even if Plaintiffs or the putative collective action members are entitled to any overtime or unpaid wages, Defendants did not willfully violate the FLSA, and therefore

Plaintiffs and the putative collective action members are not entitled to a three-year statute of limitations under the FLSA.

5. Plaintiffs' claims and the claims of any and all putative collective and class action members for liquidated damages are barred because Defendants acted in good faith, non-willingly, and with reasonable grounds for believing that their conduct was lawful.

6. Plaintiffs' claims and the claims of any and all putative collective and class action members are barred because Clean Touch's wage payment practices were taken in good faith, in conformity with and in reliance on written administrative regulations.

7. This suit may not be brought as a class action because, among other things, there are an insufficient number of putative Rule 23 plaintiffs to constitute a class, and the named plaintiffs are not suitable representatives of a class.

8. Plaintiffs and any and all putative collective and class action members are not entitled to any relief under the FLSA or under New York state law because, to the extent they worked and were not compensated, they worked without Defendants' knowledge or mutual assent.

9. Plaintiffs' claims and the claims of any and all putative collective and class action members are barred, based on the grounds of the doctrine of unclean hands.

10. Plaintiffs' claims and the claims of any and all putative collective and class action members are barred because they are estopped by their own conduct to claim or recover damages or other monetary relief from Defendants.

11. Plaintiffs' claims and the claims of any and all putative collective and class action members are barred by their ratification of and/or consent to the actions allegedly undertaken.

12. Plaintiffs' claims and the claims of any and all putative collective and class action members are barred because such claims have been waived, discharged, or abandoned.

13. Clean Touch paid the correct hourly wage and overtime wage, inclusive of the permissible "tip credit," to all employees.

14. Plaintiff and any putative collective and class action members have sustained no damages or *de minimis* damages, if any, which are not actionable under the FLSA and New York state law.

15. Plaintiffs' claims and the claims of any and all collective and class action members are barred, in whole or in part, because some of the activities for which they demand compensation are *de minimis* under the FLSA and New York state law.

16. Even if Plaintiffs or the putative collective or class action members are entitled to any unpaid minimum or overtime wages, Clean Touch is entitled to a credit for or setoff against amounts overpaid to them in the course of their employment. This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiffs or the putative collective action members. The claims of Plaintiff or the putative collective action members are additionally barred because they would be unjustly enriched if they prevailed on any of said claims.

17. Even if Plaintiffs or the putative collective or class action members are entitled to any overtime, any time spent in any preliminary and postliminary activities must be excluded from compensable hours of work.

18. Plaintiffs and the putative collective and class action members are not entitled to equitable relief insofar as they have an adequate remedy at law.

19.     Defendants are not liable for damage, fees, or costs for violations of the Wage Theft Prevention Act, if any, because Clean Touch made complete and timely payment of all wages due to its employees.

20.     Defendants assert that they presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery reveals that such defenses would be appropriate.

          Respectfully submitted,

          VEDDER PRICE P.C.

          By:   s/ Lyle S. Zuckerman
              Lyle S. Zuckerman
              Vedder Price P.C.
              1633 Broadway
              47th Floor
              New York, New York  10019
              T:  +1 (212) 407-7700

          Dated:  May 23, 2013

NEWYORK/#318444.1